## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM CARSON THOMAS, | : | |
| | : | 1:10-cv-682 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| SCI-ROCKVIEW, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### April 27, 2010

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation

("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 11), filed on April 9, 2010,

which recommends that this action be dismissed.   Plaintiff William Carson

Thomas ("Plaintiff" or "Thomas") filed objections to the R&R on April 22, 2010.[1]

(Doc. 11).   Accordingly, this matter is ripe for disposition.  For the reasons set

forth below, the Court will adopt the Magistrate Judge's R&R and dismiss this

action.

---

[1] Plaintiff styled his filing as an "Amended Complaint," however, upon review, it is clear to the Court that the submission is actually Plaintiff's objection to the R&R.

# I. PROCEDURAL BACKGROUND

Plaintiff, an inmate at the State Correctional Institution-Rockview filed, *pro se*, the instant civil action on March 29, 2010. (Doc. 1). Plaintiff named SCI-Rockview as the sole Defendant to the action. Plaintiff also filed a motion for leave to proceed *in forma pauperis,* (Doc. 2), which was granted by Order dated April 9, 2010. (Doc. 10).

# II. STANDARDS OF REVIEW

## A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## B. 28 U.S.C. § 1915(e)(2)(B)(ii) Review

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed

*in forma pauperis* if the court determines that the complaint "fails to state a claim

on which relief may be granted." In reviewing the legal sufficiency of a complaint,

the Court must accept the truth of the plaintiff's allegations. *Morrison v. Madison*

*Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). A

complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic*

*Corp v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts"

language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of a

cause of action's elements will not do." *Id.* at 555 (citation omitted). To survive a

motion to dismiss, the factual allegations in the complaint "must be enough to raise

a right to relief above the speculative level." *Id.*

Pro se pleadings are to be construed liberally, *Haines v. Kerner*, 404 U.S.

519, 520 (1972), and pro se litigants are to be granted leave to file a curative

amended complaint "even when a plaintiff does not seek leave to amend," unless

such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d

229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which

affirmatively demonstrate that the plaintiff has no right to recover is properly

dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d

103, 108 (3d Cir. 2002).

## III. PLAINTIFF'S OBJECTIONS

The Plaintiff's "objections" to the R&R voice his essential disagreement

with the Magistrate Judge's recommendations, however Plaintiff gives no

substantive legal or factual basis for this objection. The objections are, quite

simply, Plaintiff's restatement of the facts of the case and a clarification of the

relief he seeks, which is immediate release from prison. Plaintiff articulates no

cognizable legal arguments in response to the R&R. Thus, in light of the Plaintiff's

non-substantive and unsupported objections, we shall exercise our discretion when

reviewing the Magistrate Judge's R&R to place reliance on Magistrate Judge

Smyser's reasoning.

## IV. DISCUSSION

### A. Allegations of the Complaint

In the "Statement of Claim" section of the complaint, the Plaintiff states

"See Attachments." However, the only attachment to the complaint is a request

slip apparently from the Plaintiff to prison officials regarding the waiver of service of a summons.    The attachment sheds no light on the basis of the Plaintiff's claim.  The Plaintiff states that he is seeking release from prison and monetary damages.

Within his "objections" Plaintiff asserts that he seeks immediate release from prison because he has completed all of his prison programs and has received a good recommendation for release.  Plaintiff claims he is being denied release because the mental health professionals at the prison believe he is not taking his schizophrenia medication.  Plaintiff also alleges that he does not suffer from schizophrenia.

## B.    Analysis of Claim

As Magistrate Judge Smyser correctly notes, it is well settled that when a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief sought is immediate release from prison, the only remedy available is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Inasmuch as it is obvious from his filings that Plaintiff seeks to be release from prison, he must file a petition for writ of habeas corpus, not a civil action for damages.

## V.  CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff's objections are overruled and the R&R shall be adopted in its entirety.[2]  An appropriate Order shall issue.

---

[2] We further accept Magistrate Judge Smyser's recommendation not to permit Plaintiff to amend his Complaint since we have found that he must file a petition for writ of habeas corpus to achieve the relief he seeks, thus granting leave to amend would be futile. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).